**[J-49-2016] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :    No. 75 MAP 2015

         :

         Appellee    :    Appeal from the Order of the Superior

         :    Court at No. 906 MDA 2014 dated

         :    February 23, 2015 Affirming the Order

         v.    :    of the Centre County Court of Common

         :    Pleas, Criminal Division, at No. CP-14-

         :    MD-0000836-2013 dated April 30, 2014.

VICTORIA C. GIULIAN,    :

         :    ARGUED:  April 6, 2016

         Appellant    :


**<u>CONCURRING OPINION</u>**


**JUSTICE WECHT**                                         **DECIDED:  July 19, 2016**

I join the learned Majority's opinion in full.  I agree that the operative language of 18 Pa.C.S. § 9122(b)(3)(i) is ambiguous, and that Victoria Giulian presents the correct interpretation of the statute.  The Majority aptly depicts the absurd and unreasonable results that a contrary construction would engender.  I write separately to identify a peculiar consequence that would follow from the Commonwealth's suggested interpretation of 18 Pa.C.S. § 9122(b)(3)(i), which further illustrates the untenable nature of the Commonwealth's position.

In construing ambiguous statutory language, "we presume to be erroneous any interpretation that leads to an absurd or unreasonable result."  <u>Freedom Med. Supply, Inc. v. State Farm Fire & Cas. Co.</u>, 131 A.3d 977, 984 (Pa. 2016); 1 Pa.C.S. § 1922(1).  I agree with the Majority's assessment that the Commonwealth's reading of the statute yields an unreasonable result, in that the 1997 offenses never may be expunged, while,

oddly enough, expungement of the 1998 conviction is fully permissible. See Maj. Op. at 15.

I note, as well, that the Commonwealth's suggested interpretation would countenance an even more plainly unreasonable and absurd result, as follows. The Commonwealth maintains that "a defendant with a subsequent arrest or prosecution within the five years following the initial summary offense conviction may never have the initial summary offense expunged," but that a summary offense conviction may be expunged if the defendant "can simply remain arrest-free for five years following that conviction." Brief for the Commonwealth at 10, 14. The Majority correctly notes that this interpretation would preclude expungement of the 1997 offenses even if Giulian remains arrest-free for another fifty years. However, over a similar fifty-year period, the Commonwealth's interpretation would allow for the expungement of up to ten offenses, provided merely that five years elapsed between each conviction and subsequent arrest. While an individual that was arrested within five years of a summary conviction would have a criminal record forever, another individual would be free to recidivate in perpetuity, reoffending every five years while never being precluded from expungement as a matter of law. Although occurring over a period of time, this is precisely and ironically the sort of "volume discounting" and "expungement windfall" that the Commonwealth argues should be forbidden under the statute. See Id. at 17. These volume discounts and expungement windfalls would accrue liberally for recidivist offenders under the Commonwealth's own interpretation.

The Majority's analysis of the factors supporting Giulian's construction of 18 Pa.C.S. § 9122(b)(3)(i) is well-reasoned and compelling. Even if those factors were absent, however, the absurdity of the results that flow from the Commonwealth's position renders its interpretation of the statute erroneous.